IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GENERAL CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS and GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, an Unincorporated Association, <br><br> Plaintiffs, <br><br> v. <br><br> WALTER MCGILL d/b/a CREATION SEVENTH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTIST MINISTRIES, CREATION MINISTRIES, CREATION 7TH DAY ADVENTISTS, SPRING CITY REMNANT CHURCH OF CREATION SEVENTH-DAY ADVENTISTS, ASSOCIATION OF CREATION 7TH DAY ADVENTISTS, CREATION SEVENTH-DAY ADVENTIST CHURCH DENOMINATION, ASSOCIATION OF REMNANT CHURCH OF CREATION 7TH DAY ADVENTISTS, CSDA, CREATION CSDA, and CHRISTIAN ACADEMY CSDA, <br><br> Defendant. | Civil Action No._____ |

**COMPLAINT**

Plaintiffs General Conference Corporation of Seventh-day Adventists and General Conference of Seventh-day Adventists, for their Complaint against Defendant Walter McGill, doing business as Creation Day Adventist Church, Creation 7th Day Adventist Church, Creation 7th Day Adventist Ministries, Creation Ministries, Creation Seventh Day Adventists, Spring City

Remnant Church of Creation Seventh Day Adventists, Association of Creation 7th Day Adventists, Creation Seventh Day Adventist Church Denomination, Association of Remnant Church of Creation 7th Day Adventists, CSDA, Creation CSDA, and Christian Academy CSDA, respectfully state as follows:

## I. PARTIES

1. Plaintiff General Conference Corporation of Seventh-day Adventists is a corporation duly organized under the laws of the District of Columbia, with its principal place of business at 12501 Old Columbia Pike, Silver Spring, Maryland.

2. Plaintiff General Conference of Seventh-day Adventists is an unincorporated association and represents the interests of the Seventh-day Adventist Church.

3. Plaintiff General Conference Corporation of Seventh-day Adventists is the corporate entity established by the Seventh-day Adventist Church to hold title to the spiritual church's assets and to serve the spiritual church in carrying out its purposes. The General Conference Corporation of the Seventh-day Adventists and the General Conference of the Seventh-day Adventists (i.e., the Seventh-day Adventist Church), will be referred to hereinafter collectively as the "Plaintiffs."

4. Defendant Walter McGill (hereinafter "McGill" or "Defendant"), upon information and belief, is a resident of the State of Tennessee, whose residence is within this judicial district and who can be served with process at 1162 Old Highway 45 South, Guys, McNairy County, Tennessee. Upon information and belief, McGill is the pastor and managing agent of an unincorporated association known as Creation Seventh Day Adventist Church. Upon information and belief, McGill also uses the names and does business as Creation 7th Day Adventist Church, Creation 7th Day Adventist Ministries, Creation Ministries, Creation 7th Day

2

Adventists, Spring City Remnant Church of Creation Seventh Day Adventists, Association of Creation 7th Day Adventists, Creation Seventh Day Adventist Church Denomination, Association of Remnant Church of Creation 7th Day Adventists, Creation CSDA, and CSDA. McGill, upon information and belief, is also the managing agent of an unincorporated association known as Christian Academy CSDA, located at 1162 Old Highway 45 South, Guys, McNairy County, Tennessee.

## II.  NATURE OF ACTION

5. This is an action for injunctive relief and damages based on Defendant's willful infringement of Plaintiffs' trademarks, service marks, and trade names "SEVENTH-DAY ADVENTIST", "ADVENTIST", "GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS" and "SDA" (hereinafter collectively "Plaintiffs' Marks"). As set forth more particularly below, Defendant has infringed on Plaintiffs' Marks by the unauthorized use of Plaintiffs' Marks within Defendant's unincorporated associations, while offering services similar to those offered by the Plaintiffs.

6. Plaintiffs seek relief in this action for infringement of Plaintiffs' Marks in violation of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1), and for infringement and unfair competition in violation of Section 43(a) the "Lanham Act, 15 U.S.C. § 1125(a); for dilution of Plaintiffs' Marks in violation of Section 43 (c) of the Lanham Act, 15 U.S.C. § 1125(c); for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1); for unfair and/or deceptive trade practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 46-18-101 et seq.; for infringement of Plaintiffs' Marks and unfair competition in violation of the common law of the State of Tennessee; and for

injury to business reputation/dilution of Plaintiffs' Marks in violation of Tenn. Code Ann. § 47-25-513.

## III.  JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and the parties under 15 U.S.C. § 1114(1), Sections 39 and 43(a) of the Lanham Act (15 U.S.C. § 1121(a) and § 1125(a)), as well as 15 U.S.C. 1125(d), 28 U.S.C. § 1331 and § 1338(a) and (b), as Plaintiffs' claims arise under the Lanham Act.  In addition, this court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue properly lies in the Western District of Tennessee, Eastern Division, pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this district and a substantial part of the events and unlawful acts of Defendant that give rise to Plaintiffs' claims occurred in this district, and have had and will continue to have an effect in this district.

## IV.  BACKGROUND AND FACTS

9. Plaintiffs adopted the trademarks and service marks SEVENTH-DAY ADVENTIST and ADVENTIST, and have used them continuously in interstate commerce, since at least as early as 1860.

10. Plaintiffs adopted the trademark and service mark GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, and have used it continuously in interstate commerce, since at least as early as 1963.

11. On May 7, 1980, the Plaintiffs filed application for registration of Plaintiffs' SEVENTH-DAY ADVENTIST, ADVENTIST, and GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS marks in the United States Patent and Trademark Office.  On November 10, 1981, the SEVENTH-DAY ADVENTIST mark was registered in the United

States Patent and Trademark Office on the Principal Register under the Lanham Act, U.S. Registration No. 1,177,185. On November 3, 1981, the ADVENTIST trademark and service mark was registered in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, U.S. Registration No. 1,176,153. On November 30, 1982, the service mark ADVENTIST was registered in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, U.S. Registration No. 1,218,657. On September 29, 1981, the GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS mark was registered in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, U.S. Registration No. 1,171,760. (The registrations of all three of the aforementioned marks will be referred to hereinafter collectively as the "Registrations").

12. Registration number 1,177,185 protects the use of the SEVENTH-DAY ADVENTIST mark on religious books, magazines, pamphlets, newsletters, brochures, encyclopedias, dictionaries, commentaries, fliers, bulletins, yearbooks, booklets and bibles; for establishment and administration of employee health care and benefit programs and medical insurance programs; for educational instruction services in academics at grade school, high school and college level; for film production and distribution services; for health care services, namely hospital, pharmaceutical, nursing home and medical laboratory services; and for conducting religious observances and missionary services.

13. Registration number 1,176,153 protects the ADVENTIST trademark and service mark on religious books, magazines, pamphlets, newsletters, brochures, encyclopedias, dictionaries, commentaries, fliers, bulletins, booklets and bibles; for establishment and administration of employee health care and benefit programs and medical insurance programs; for film production and distribution services; for health care services – namely hospital, dental,

5

pharmaceutical, nursing home, and medical laboratory services. Registration number 1,218,657 protects the ADVENTIST service mark for educational instruction services in academics at grade school, high school and college levels, and for religious observances and missionary services.

14. Registration number 1,171,760 protects the GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS service mark for church services – namely, rendering ministerial and religious counseling services.

15. Plaintiffs have filed an affidavit of use of said marks with the United States Patent and Trademark Office as required by 15 U.S.C. § 1058(a), and the Registrations are valid and subsisting.

16. The validity of the registered marks and of the Registrations, as well as Plaintiffs' ownership and exclusive rights to use Plaintiffs' SEVENTH-DAY ADVENTIST and GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS marks in commerce for the above mentioned goods and services, are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), as Plaintiffs have filed the required affidavits with the Commissioner of Patents and Trademarks.

17. Additionally, Plaintiffs have adopted and used the legally equivalent acronym SDA in interstate commerce as early as 1860, and as the district court recognized in <u>General Conference Corporation of Seventh Day Adventists, et al v. Raphael (Rafael) Perez d/b/a Eternal Gospel Church of Laymen Seventh Day Adventists, et al</u>, 97 F. Supp. 2d 1154, 1160 (S.D. FL 2000), SDA, through members, workers, ministers, pastors, associated health and education programs, media centers, publishing houses and the publications thereof, has become famous and synonymous with the good will and quality of the Seventh-day Adventist Church.

6

18. Plaintiffs presently use Plaintiffs' Marks in interstate commerce and in Tennessee in conjunction with their religious observances and their various goods and services in order to identify Plaintiffs' religious observances and Plaintiffs' goods and services, and to distinguish Plaintiffs' religious observances, goods and services from and among the religious observances, goods and services of others.

19. Plaintiffs have acquired and maintain an excellent and renowned reputation and valuable good will symbolized by Plaintiffs' Marks.

20. By reason of extensive, exclusive and continuous use and promotion of Plaintiffs' Marks, Plaintiffs' Marks have come to be readily recognized and known by the public at large to signify and designate Plaintiffs as the exclusive source or origin of Plaintiffs' religious observances as well as their goods and services provided by those operating under Plaintiffs' Marks throughout the United States, including Tennessee.

21. Plaintiffs' Marks are inherently distinctive, and the distinctiveness has been enhanced by 146 years of continuous use by Plaintiffs.

22. Defendant McGill was at one time a member of one of Plaintiffs' local Seventh-day Adventist churches.

23. McGill had actual notice and knowledge of Plaintiffs' use of and rights in Plaintiffs' Marks prior to the first adoption or use by Defendant of Plaintiffs' Marks.

24. Nevertheless, long after Plaintiffs' first use of Plaintiffs' Marks for their religious observances and related goods and services, the Defendant commenced use of the identical marks SEVENTH-DAY ADVENTIST, ADVENTIST, GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS and SDA in connection with religious observances, goods and services, which use was unauthorized by Plaintiffs, and purposefully directed such promotional

7

efforts in interstate commerce.

25. The unauthorized use of Plaintiffs' SEVENTH-DAY ADVENTIST, ADVENTIST and GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS marks by Defendant includes, but is not limited to, using said marks on Defendant's church signs, letterhead, church literature, advertisements, business cards, and internet website postings as follows: CREATION SEVENTH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTISTS, CREATION 7TH DAY ADVENTIST MINISTRIES, SPRING CITY REMNANT CHURCH OF CREATION SEVENTH DAY ADVENTISTS, ASSOCIATION OF CREATION 7TH DAY ADVENTISTS, CREATION SEVENTH DAY ADVENTIST CHURCH DENOMINATION, and ASSOCIATION OF REMNANT CHURCH OF CREATION 7TH DAY ADVENTISTS. Additionally, Defendant's unauthorized use of Plaintiffs' SDA mark includes, but is not limited to, using said mark on school signs, advertisements, literature and internet website postings as follows: CSDA, CHRISTIAN ACADEMY CSDA, CSDA HOMEPAGE, THE CSDA SIGNET and CREATION CSDA.

26. On information and belief, Defendant has adopted and commenced use of Plaintiffs' Marks in connection with Defendant's religious observances, goods and services with full knowledge of the longstanding use by Plaintiffs of Plaintiffs' Marks as a means to identify, distinguish and indicate the source of his religious observances, goods and services.

27. Defendant has also adopted and used Plaintiffs' Marks within his internet domain names "7th-day-adventist.org", "creation-7th-day-adventist-church.org", "creationseventhdayadventistchurch.org", "creationsda.org" (collectively the "Domain Names"). In fact, on July 21, 2006, a Panel of The World Intellectual Property Organization ("WIPO")

8

issued an opinion ordering transfer of Defendant's Domain Names to Plaintiffs, after finding that: (a) the Domain Names are confusingly similar to Plaintiffs' registered SEVENTH-DAY ADVENTIST and SDA Marks; (b) Defendant has no rights or legitimate interests in the Domain Names; and (c) Defendant's registration and use of the Domain Names is in bad faith.

28.     Apart from the aforementioned Domain Names, upon information and belief, Defendant has adopted and used or is using Plaintiffs' Marks in additional internet domain names, including but not limited to "csda.us" (collectively the "Additional Domain Names"), as well as in the content of websites other than those hosted at the aforementioned Domain Names.

29.     The names CREATION SEVENTH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTIST MINISTRIES, CREATION MINISTRIES, CREATION 7TH DAY ADVENTISTS, SPRING CITY REMNANT CHURCH OF CREATION SEVENTH DAY ADVENTISTS, ASSOCIATION OF CREATION 7TH DAY ADVENTISTS, CREATION SEVENTH DAY ADVENTIST CHURCH DENOMINATION, ASSOCIATION OF REMNANT CHURCH OF CREATION 7TH DAY ADVENTISTS, CSDA, CHRISTIAN ACADEMY CSDA, CSDA HOMEPAGE, THE CSDA SIGNET, and CREATION CSDA are strikingly and confusingly similar in sound, appearance, and commercial impression to Plaintiffs' Marks, and are used in connection with closely related religious observances, goods and services offered by Plaintiffs.

30.     Upon information and belief, Defendant deliberately and willfully chose to use Plaintiffs' Marks in his names and to promote his associations in order to capitalize upon the reputation and good will and unique services offered by and associated with Plaintiffs.

31.     Defendant's use of the Plaintiffs' Marks has caused confusion among the general public as to the source, origin and/or sponsorship of Defendant's religious observances, goods

9

and services.

32. Plaintiffs cannot control the quality or content of the religious observances, goods and/or services offered by the Defendant under the names CREATION SEVENTH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTISTS, CREATION 7TH DAY ADVENTIST MINISTRIES, CREATION MINISTRIES, SPRING CITY REMNANT CHURCH OF CREATION SEVENTH DAY ADVENTISTS, ASSOCIATION OF CREATION 7TH DAY ADVENTISTS, CREATION SEVENTH DAY ADVENTIST CHURCH DENOMINATION, ASSOCIATION OF REMNANT CHURCH OF CREATION 7TH DAY ADVENTISTS, CSDA, CHRISTIAN ACADEMY CSDA, CSDA HOMEPAGE, THE CSDA SIGNET, and CREATION CSDA.

33. Plaintiffs have notified Defendant that Plaintiffs consider Defendant's use of Plaintiffs' Marks to be unlawful, and Plaintiffs have requested that Defendant cease and desist from any further use of Plaintiffs' Marks.

34. However, as of the date of the filing of this Complaint, Defendant refuses to cease and desist in the unlawful use of Plaintiffs' Marks.

## V. INJUNCTIVE RELIEF

35. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 34 as though restated verbatim herein.

36. As a direct and proximate result of Defendant's acts, practices and conduct, Plaintiffs have been and will continue to be damaged and injured, including damage to their reputation and goodwill, resulting in diminished goodwill and reputation, and causing irreparable damage to Plaintiffs.

37. Plaintiffs have no adequate remedy at law because Plaintiffs' Marks are unique

and represent to the public the identity, reputation, and goodwill of Plaintiffs, such that damages alone cannot fully compensate Plaintiffs for Defendant's misconduct.

38. Unless enjoined by this Court, Defendant will continue to engage in the unlawful acts, practices and conduct described in the above Paragraphs, causing irreparable damage and injury to Plaintiffs. The threat of future injury to Plaintiffs' identity, reputation and goodwill requires injunctive relief to stop Defendant from engaging in the unlawful acts, practices and conduct heretofore mentioned, and to ameliorate and mitigate Plaintiffs' injuries.

39. As set forth more fully in the preceding paragraphs, Plaintiffs are likely to succeed on the merits of their claims in this action.

40. Defendant will not suffer any material harm if an injunction is issued, as he is free to offer his religious observances, goods and services under a trade name that is not confusingly similar to Plaintiffs'.

41. Public interest favors an injunction in order to stop Defendant's violations of federal and state law caused by Defendant's unlawful acts, practices and conduct complained of herein above.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a)

42. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 41 as if restated verbatim herein.

43. Defendant has adopted and commenced use of and misappropriated Plaintiffs' Marks by using Plaintiffs' Marks as part of the names used by the Defendant. Since adoption of Plaintiffs' Marks by Defendant, public confusion has arisen and is likely to continue as to the source, approval, origin and/or sponsorship of Defendant's religious observances, goods and

services.

44. Defendant had actual knowledge of Plaintiffs' ownership of Plaintiffs' Marks prior to the first adoption or use by Defendant of Plaintiffs' Marks.

45. Defendant has not obtained permission to use Plaintiffs' Marks. In fact, Plaintiffs have contacted Defendant directly and have requested that Defendant cease and desist from further use of Plaintiffs' Marks.

46. Defendant's acts constitute infringement of Plaintiffs' Marks, which through valid registration and/or continuous commercial use in interstate commerce, are legally protectable under the laws of the United States, in violation of 15 U.S.C. § 1114(1).

47. Defendant's acts constitute unfair competition, false designation of origin and false or misleading descriptions or representations of fact in interstate commerce, fraud, or unfair or deceptive trade practices that are likely to cause confusion or mistake, or to deceive the public as to the affiliation, connection, association of Defendant with Plaintiffs, as well as to the origin, sponsorship or approval of the religious observances, goods and/or services offered by Defendant, in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a).

48. As a direct and proximate result of Defendant's acts, practices and conduct, Plaintiffs have suffered and will continue to suffer injuries for which they are entitled to recover damages or other appropriate relief.

49. Defendant's acts were deliberate, intentional and willful, and were purposely designed to cause confusion on the part of the public as to the affiliation, connection or association of Defendant with Plaintiffs, as well as confusion as to the origin, sponsorship or approval of Defendant's religious observances, goods and/or services with and by Plaintiffs. As a result, this is an "exceptional" case within the meaning of Section 35 of the Lanham Act, 15

U.S.C. 1117, entitling Plaintiffs to recovery of their reasonable attorneys' fees.

## COUNT II
## DILUTION OF PLAINTIFFS' MARKS
## 15 U.S.C. § 1125(c)

50. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 49 as if restated verbatim herein.

51. Plaintiffs' Marks are distinctive and famous. Defendant has made commercial use in interstate commerce of Plaintiffs' Marks, thus trading upon the reputation of Plaintiffs and diluting the distinctive quality of Plaintiffs' Marks, after Plaintiffs' Marks have become distinctive and famous to the public, all in violation of 15 U.S.C. § 1125(c).

52. As a direct and proximate result of Defendant's acts, practices and conduct, Plaintiffs' have been damaged and will continue to suffer injuries for which Plaintiffs are entitled to recover damages or other appropriate relief.

53. The conduct of Defendant described herein was unauthorized, and was undertaken willfully and deliberately with knowledge of Plaintiffs' exclusive rights in Plaintiffs' Marks, and with the intention to trade upon Plaintiffs' reputation or to cause dilution of Plaintiffs' Marks. As a result, Plaintiffs are entitled to all of the remedies set forth in 15 U.S.C. § 1125(c)(2) and 15 U.S.C. § 1117(a).

## COUNT III
## VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## 15 U.S.C. § 1125(d)(1)

54. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 53 as if restated verbatim herein.

55. Defendant's bad faith registration and use of the Domain Names and the Additional Domain Names, has caused confusion with and has diluted Plaintiffs' SEVENTH-

13

DAY ADVENTIST, ADVENTIST, and GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS marks, which are distinctive, famous and federally registered, and has caused confusion with and has diluted Plaintiffs' SDA mark, which although not federally registered, is famous as a result of its longstanding and publicly recognized use by and association with the Seventh-day Adventist Church.

56. Defendant's bad faith registration of the Domain Names and the Additional Domain Names, constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). In accordance with and to remedy Defendant's violation of the Anticybersquatting Consumer Protection Act, Plaintiffs are entitled to an immediate injunction prohibiting such further use, and an award transferring the Additional Domain Names to Plaintiffs. Plaintiffs are also entitled to an award of actual damages, or statutory damages at their election, and their attorneys' fees pursuant to the provisions of 15 U.S.C. §§ 1116, 1117 and 1125(d).

### COUNT IV
### UNFAIR AND/OR DECEPTIVE TRADE PRACTICES

57. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 56 as though set forth verbatim herein.

58. The use by Defendant of Plaintiffs' Marks as part of Defendant's trademarks and/or service marks constitutes an unfair method of competition, and unconscionable, unfair and deceptive acts or practices in the conduct of Defendant's trade or commerce, in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 et seq., including but not limited to Tenn. Code Ann. §§ 47-18-104(a), (b)(1), (2), (3), (5), (7), (21) and (27).

59. As a direct and proximate result of Defendant's acts, practices and conduct, Plaintiffs have suffered and are likely to continue to suffer injuries for which Plaintiffs are

entitled to recover damages or other appropriate relief, including treble damages, reasonable attorneys' fees, and costs pursuant to Tenn. Code Ann. § 47-18-109, and for which an injunction should be issued enjoining any further use of the Plaintiffs' Marks.

### COUNT V
### COMMON LAW INFRINGEMENT OF PLAINTIFFS' MARKS

60. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 59 as though set forth verbatim herein.

61. By virtue of Plaintiffs' long and continuous use of Plaintiffs' Marks in connection with Plaintiffs' religious observances, goods and services, and by virtue of widespread public recognition of Plaintiffs' Marks, Plaintiffs' Marks are owned under the common law of the State of Tennessee by Plaintiffs.

62. The designations CREATION SEVENTH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTIST CHURCH, CREATION 7TH DAY ADVENTISTS, CREATION 7TH DAY ADVENTIST MINISTRIES, SPRING CITY REMNANT CHURCH OF CREATION SEVENTH DAY ADVENTISTS, ASSOCIATION OF CREATION 7TH DAY ADVENTISTS, CREATION SEVENTH DAY ADVENTIST CHURCH DENOMINATION, ASSOCIATION OF REMNANT CHURCH OF CREATION 7TH DAY ADVENTISTS, CSDA, CHRISTIAN ACADEMY CSDA, CSDA HOMEPAGE, THE CSDA SIGNET and CREATION CSDA used by Defendant so resemble Plaintiffs' Marks, which have become widely known by the public as indicating the source and origin of Plaintiffs' religious observances, goods and services, that it has caused and/or is likely to cause confusion, mistake or deception in that such use by Defendant will cause persons to believe, contrary to fact, that Defendant's religious observances, goods and services provided by Defendant under Plaintiffs' Marks originated with or are sponsored by, or are in some way associated with Plaintiffs, thereby infringing Plaintiffs'

15

Marks and causing Plaintiffs irreparable damage and harm.

63. As a direct and proximate result of Defendant's acts, practices and conduct, Plaintiffs have suffered and are likely to continue to suffer injuries for which Plaintiffs are entitled to recover damages or other appropriate relief.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

64. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 63 as though set forth verbatim herein.

65. Defendant's use of Plaintiffs' Marks as part of Defendant's trademarks and/or service marks constitutes an unfair method of competition, and unconscionable, unfair and deceptive acts or practices in violation of Plaintiffs' rights under the common law of the State of Tennessee.

66. As a direct and proximate result of Defendant's acts, practices and conduct, Plaintiffs have suffered and are likely to continue to suffer injuries for which Plaintiffs are entitled to recover damages or other appropriate relief.

## COUNT VII
## INJURY TO BUSINESS REPUTATION/DILUTION OF PLAINTIFFS' MARKS
## TENN. CODE ANN. § 47-25-513

67. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 66 as though set forth verbatim herein.

68. By virtue of Plaintiffs' long and continuous use of Plaintiffs' Marks in connection with Plaintiffs' religious observances, goods and services, and by virtue of widespread public recognition of Plaintiffs' Marks, Plaintiffs' Marks have become famous among members of the public. Additionally, by virtue of the registration of Plaintiffs' Marks SEVENTH-DAY

ADVENTIST, ADVENTIST, and GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, as well as the long and continuous use of all of Plaintiffs' Marks, Plaintiffs' Marks are owned under the common law of the State of Tennessee by Plaintiffs.

69. Because Plaintiffs have no adequate remedy at law, unless enjoined by this Court, Defendant will continue to engage in the acts, practices and conduct, which have caused Plaintiffs to suffer and which are likely to continue to cause Plaintiffs to suffer injuries.

70. Defendant's acts, practices and conduct complained of herein were unauthorized, and were undertaken willfully and deliberately with knowledge of Plaintiffs' exclusive rights in Plaintiffs' Marks, and with the intention to trade upon Plaintiffs' reputation or to cause dilution of Plaintiffs' Marks, in violation of Tenn. Code Ann. § 47-25-513(a). As a result, Plaintiffs are entitled to injunctive relief, as well as damages and/or other appropriate relief.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

1. That this Court issue a preliminary and permanent injunction enjoining Defendant and all his agents, servants, employees, attorneys, his heirs, successors and assigns, and all persons acting in concert or participation with him who receive notice of this Court's order, from:

   a. Directly or indirectly using the designation SEVENTH DAY ADVENTIST, ADVENTIST, GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, and SDA, or any other word or words confusingly similar to Plaintiffs' Marks, whether alone or as a part of a longer or composite identifier, in commerce, in any internet domain name, on the internet, in connection with the

17

        activities of Defendant's associations or their activities, or in the rendering of services or the sale of goods related to those of Plaintiffs;

   b.   Otherwise infringing on Plaintiffs' Marks;

   c.   Competing unfairly with Plaintiffs through the use of any word, symbol or device that is confusingly similar to Plaintiffs' Marks;

   d.   Passing off any of Defendant's goods or services as those of Plaintiffs;

   e.   Engaging in any conduct that is calculated or likely to injure Plaintiffs' reputation, or which might dilute the distinctive quality of Plaintiffs' Marks;

   f.   Engaging in any conduct likely to cause confusion or misunderstanding as to the source or sponsorship of Defendant's goods and/or services; and

   g.   Engaging in any conduct that is calculated or likely to cause confusion or misunderstanding as to Defendant's affiliation, connection or association with Plaintiffs.

2.   That Defendant be ordered forthwith to cease all advertising or promotion which includes use of Plaintiffs' Marks, whether alone or as a part of a longer or composite identifier.

3.   That pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, Defendant be directed to deliver to the Clerk of this Court for destruction all signs, advertisements, stationery, letterhead, and any and all other materials in the possession or under the control of Defendant bearing the designation SEVENTH DAY ADVENTIST, ADVENTIST, GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS or SDA, whether alone or as a part of a longer or composite identifier, or any other reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks, and all plates, molds, matrices, and other means for making or duplicating the same.

      4.      That pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant be directed to file with this Court and to serve on Plaintiffs' counsel within ten (10) days after entry of the service of any injunction order, a written report, under oath, setting forth the manner in which Defendant has complied with the injunction order.

      5.      That this Court order Defendant, and those acting for Defendant or on Defendant's behalf, to recall all promotional and other materials in which they have used Plaintiffs' Marks, whether alone or as a part of a longer or composite identifier, in connection with Defendant's religious observations, goods or services.

      6.      That this Court order Defendant forthwith to take any further steps found by this Court to be necessary and proper to clarify to the public that Defendant has no affiliation with or connection to Plaintiffs, and that Defendant does not currently have, nor has he ever had, rights in Plaintiffs' Marks.

      7.      That this court order transfer of all Defendant's Additional Domain Names to Plaintiffs.

      8.      That this Court award Plaintiffs judgment against Defendant for:

      a.      All damages suffered by Plaintiffs as a result of Defendant's conduct complained of herein;

      b.      Defendant's profits from his infringement of Plaintiffs' Marks, and all statutory and enhanced damages to which Plaintiffs are entitled under the Lanham Act and Tennessee statutory and common law;

      c.      Plaintiffs' attorneys' fees and costs in this action to the extent provided for by law, or committed to the discretion of this Court; and

    d.      Such other, further, or different relief, whether legal or equitable, as this Court deems just and proper.

              Respectfully submitted,

              **ADAMS AND REESE LLP**

              By:   /s/ Emily C. Taube
                  Lucian T. Pera        (TN Bar No. 11641)
                  Emily C. Taube      (TN Bar No. 019323)
                  Brinkley Plaza
                  80 Monroe Avenue, Suite 700
                  Memphis, TN  38103
                  Telephone:  (901) 525-3234
                  Facsimile:  (901) 524-5419

                  *Attorneys for Plaintiffs General Conference Corporation of Seventh-Day Adventists and General Conference of Seventh-Day Adventists*

**OF COUNSEL:**

Jeffrey Tew*
**TEW CARDENAS LLP**
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131-3407
Phone: (305) 536-1112
Fax: (305) 536-1116

*\*Pro hac vice* admission motion pending