**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| GENERAL CONFERENCE CORPORATION )<br>OF SEVENTH-DAY ADVENTISTS and )<br>GENERAL CONFERENCE OF )<br>SEVENTH-DAY )<br>ADVENTISTS, an Unincorporated Association,)<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>WALTER McGILL, d/b/a CREATION )<br>SEVENTH DAY ADVENTIST CHURCH, )<br>*et al.*, )<br>)<br>    Defendants. ) | Case No. 1:06-cv-01207 |

_____

**REPORT AND RECOMMENDATION ON CONTEMPT AND SANCTIONS**

_____

Before the Court is the Renewed Motion and Memorandum for Order to Show Cause (D.E. No. 105) filed by Plaintiffs, General Conference Corporation of Seventh-day Adventists and General Conference of Seventh-day Adventists. This matter was referred to the Magistrate Judge for determination and/or Report and Recommendation (D.E. No. 106). Upon consideration of Plaintiffs' Motion and Memoranda, and arguments of counsel at the hearing held by this Court on November 5, 2009, and the entire record in this matter, the Magistrate Judge recommends that Plaintiffs' Motion be granted.

## PROCEDURAL BACKGROUND

As a result of the Defendant's repeated refusal to participate in a Court ordered mediation conference, and in accordance with Rules 16(f) and 37(b)(2)(A)(ii) –(vii), Fed.R.Civ.P, Plaintiffs filed a Motion for Sanctions and Permanent Injunctive Relief ("Motion for Sanctions"), requesting that this Court sanction Defendant for his actions, including the sanctions of the entry of default judgment as well as permanent injunctive relief against Defendant. (D.E. No. 85).

On April 16, 2009, a Report and Recommendation ("R&R") was entered recommending that Plaintiffs' Motion for Sanctions be granted, and that a permanent injunction be issued. (D.E. No. 94). Defendant filed an objection to the R&R, and the Plaintiffs filed a limited exception. After considering the parties' positions, on May 28, 2009, the Court entered its Injunction Order, therein adopting the R&R in full, including its recommendation that a permanent injunction be issued against the Defendant. (D.E. No. 98) (the "Injunction Order").

Defendant was duly notified of and served with a copy of the Injunction Order, evidenced by the fact that he filed a Notice of Appeal to the Sixth Circuit Court of Appeals (D.E. 99), as well as a Motion to Stay Injunction pending Defendant's appeal. (D.E. No. 100).

On June 30, 2009, Plaintiffs filed a Motion for Order to Show Cause (D.E. No. 102) due to Defendant's failure to comply with the Injunction entered by the Court on May 28, 2009 (D.E. No. 98). Due to the pendency of Defendant's Motion to Stay Injunction Pending Appeal, the Court denied without prejudice the Plaintiffs' Show

Cause Motion. The Court noted, however, the seriousness of the assertions, that the Injunction Order must be complied with henceforth, and the consequences of continued non-compliance. (Order dated Aug. 5, 2009, D.E. No. 103).

In response to the Court's Order of August 5, 2009, Plaintiffs' counsel requested that the Defendant comply with the prohibitions and requirements placed upon him through the Court's Orders and the Injunction. (*See* D.E. No. 105, Exhibit 1, 8/7/09 email from Galanter to Holliday). In that regard, among the other requirements of the Injunction, it was requested that the Defendant promptly cease using numerous violative domain names and websites, that Defendant remove all violative signage and other promotional materials, and that the sworn compliance statement be filed within 20 days of the Court's August 5, 2009 Order. (*Id.*) Later that day, Defendant himself responded to that email. (*Id.*, email from Defendant to Holliday) By that email, Defendant suggested that he would continue to violate the Injunction Order and August 5, 2009 Order and further suggested a belief that some of his activities and websites were beyond the Court's jurisdictional reach. (*Id.*)

In response, Plaintiffs subsequently filed their Renewed Motion and Memorandum for Order to Show Cause. (D.E. No. 105). By Docket Entry dated October 20, 2009 this Motion was set for hearing on November 5, 2009. Although Defendant had the opportunity to show cause as to why he should not be held in contempt of court for his failure to abide by the Court's Injunction by either a written response to the original or renewed motion, or by appearing at the hearing held on November 5, 2009, Defendant did not file any written response or appear at the hearing. Instead, Defendant's counsel

3

appeared alone at this hearing, without his client, and offered a general objection to a finding of contempt.

## ANALYSIS

**A.** **Standard for Civil Contempt**

A decision on a motion for contempt lies within the sound discretion of the court. *See Electrical Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv.*, 340 F.3d 373, 378 (6th Cir. 2003). The contempt power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed" by law. *Id.* (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911). Contempt proceedings are used to enforce the message that court orders are not to be taken lightly, but rather are to be complied with in a prompt manner. *Id.*

In civil contempt proceedings, judicial sanctions may be imposed for either or both of two purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the movant for the losses sustained. *Id.* at 379 (*citing United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947)).

To establish a *prima facie* case of contempt, the movant must produce clear and convincing evidence to show a violation of a definite and specific order of which that party had knowledge, and which directed that party to perform or refrain from performing a particular act or acts. *Id.,* (*citing NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). Once the movant establishes his *prima facie* case, the burden shifts to the contemnor to show why he is unable to comply with the court's order. *Id.* To meet this burden in the Sixth Circuit, the party charged with contempt must show

4

"categorically and in detail" why they are unable to comply with the court's order. *Id.* (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996). The court must then consider whether the party charged with contempt took all reasonable steps within their power to comply with the court's order. *Id.*, at 383.

**B.** **Defendant Is In Contempt for His Failure to Comply with the Injunction Order**

The Permanent Injunction entered by this Court on May 28, 2009, orders as follows:

> Defendant and his agents, servants and employees, and all those persons in active concert or participation with them, should be forever enjoined from using the mark SEVENTH-DAY ADVENTIST, including the use of the words SEVENTH-DAY or ADVENTIST, or the acronym SDA, either together, apart, or as part of, or in combination with any other words, phrases, acronyms or designs, or any mark similar thereto or likely to cause confusion therewith, in the sale, offering for sale, distribution, promotion, provision or advertising of any products and services, and including on the Internet, in any domain name, key words, metatags, links, and any other use for the purpose of directing Internet traffic, at any locality in the United States. Subject to the foregoing, Defendant may use these terms in a non-trademark sense, such as oral or written use of the marks to refer to the Plaintiffs, or oral or written use of certain terms in a non-trademark descriptive sense, such as "this Church honors the Sabbath on the 'seventh day,'" or "the members of this church believe in the 'advent' of Christ."
>
> As it pertains to all labels, signs, packages, wrappers, receptacles, and advertisements bearing the SEVENTH-DAY ADVENTIST mark, or bearing the words SEVENTH-DAY or ADVENTIST, or the acronym SDA, either together, apart, or as part of, or in combination with any other words, phrases, acronyms or designs, or any mark similar thereto or likely to cause confusion therewith, and all plates, molds, matrices, and other means of making the same (collectively, "Defendant's Infringing Articles"), Defendant shall either:" (1) deliver Defendant's Infringing Articles to Plaintiffs' attorney within twenty (20) days after issuance of the Order, to be

> impounded or permanently disposed of by Plaintiffs; or (2) permanently dispose of Defendant's Infringing Articles himself within twenty (20) days of this Order, certifying in writing and under oath that he has personally complied with this Order.
>
> Regardless of the manner of disposal of Defendant's Infringing Articles, Defendant shall file with the Clerk of this Court and serve on Plaintiffs, within twenty (20) days after issuance of this Order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the forgoing injunction.

(D.E. No. 98, pp. 12-13).

It is undisputed that Defendant has knowledge of the existence and terms of the Injunction Order. It is also undisputed that Defendant has wholly failed to comply with the terms of the Injunction Order in that he has: (1) continued to use the mark SEVENTH-DAY ADVENTIST, including the use of the words SEVENTH-DAY and ADVENTIST, and the acronym SDA, either together, apart, or as part of, or in combination with other words, phrases, acronyms or designs, in the sale, offering for sale, distribution, promotion, provision or advertising of products and services, including on the Internet in domain names; (2) failed to either (i) deliver Defendant's Infringing Articles to Plaintiffs' attorney, or (ii) permanently dispose of Defendant's Infringing Articles himself, and certify in writing and under oath that he has personally complied with this order; and (3) failed to file with the Clerk of this Court and serve on Plaintiffs, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of the Permanent Injunction.

Defendant, however, has not stopped there. Since the entry of the injunction, Defendant has publicized his failure to comply on at least one of his websites, and has taken affirmative actions to violate the Injunction Order.

In this regard, Defendant has posted an "Update" on his website that states that:

> **Update 05/27/09:** An injunction is issued by judge Daniel Breen enjoining the Church from using the names Seventh-day Adventist, Seventh-day, Adventist, or the acronym SDA with an order to submit a sworn notice of compliance to the Court by June 17, 2009. No compliance report was filed.

(*See*, D.E. 102, Exhibit 1, p. 9)

Additionally, it is uncontested that after it became apparent that Defendant was not going to comply with the Injunction Order, Plaintiffs, through counsel, began discussions with the website hosts and domain name registrars for Defendant's numerous websites. In response to these efforts, several of Defendant's websites were taken off of the Internet and the domain names were "locked" by the website hosts and domain name registrars. However, in response to this, Defendant actively began "redirecting" his prohibited domain names to other websites and domain names that had yet to be taken down and/or disabled by these third parties. (*See*, *Id.* Exhibit 2) By doing this, Defendant was actively violating the injunction.

The Magistrate Judge believes that Plaintiffs have met their burden of proof, and that Defendant has taken no steps to comply with the Court's Order, and therefore recommends a finding that Defendant is in Contempt of Court.

## C. **Sanctions and Other Relief**

### 1. Award of Attorneys' Fees and Costs

Upon a finding of contempt, a court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process, including allowing a movant to recover attorneys' fees and expenses incurred in prosecuting a contempt motion. S*ee TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. Mich. 1983); *Board of Supervisors of The Louisiana State University v. Smack Apparel Co.*, 574 F.Supp.2d 601 (E.D.La. 2008); s*ee also, Premium Nutritional Products, Inc. v. DuCote*, 571 F.Supp.2d 1216, 1220 (D.Kan. 2008). In fact, one of the primary purposes of civil contempt is to "compensate for injuries caused by noncompliance." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d at 1273. Here, Plaintiffs have incurred attorneys' fees and costs in the amount of $35,567.00 seeking compliance with the Injunction Order and this Order of Contempt. (*See*, D.E. No. 110, Notice of Filing Galanter Dec'l in Support of Fee Request) To compensate for those losses sustained, the Magistrate Jude recommends that Defendant be ordered to pay these fees and costs to Plaintiffs.

### 2. Remedies Related to Ongoing Internet Violations

Defendant continues to violate the injunction on the Internet through the use of domain names that violate the Injunction and/or websites that contain content that violates the Injunction. (*See* D.E. No. 105, Exhibit 1, 8/7/09 email from Galanter to Holliday) Further, Defendant has indicated that he intends to continue to violate the Injunction in this way. (*See Id.*, email from Defendant to Holliday)

Defendant has asserted that some of these domain names and websites may be registered, hosted, and or operated outside of the United States and are thus beyond its jurisdiction. While the Court's Jurisdiction beyond the territorial borders of the United States is certainly limited, its jurisdiction over the Defendant is not similarly restricted. "It is a familiar rule of Anglo-American law that once a court has obtained personal jurisdiction over a defendant, the court has power to command the defendant to do or not to do acts outside the territorial jurisdiction of the court." McCarthy on Trademarks §30:15 (*citing,* in pertinent part, *New Jersey v. New York*, 283 U.S. 473, 75 L. Ed. 1176, 51 S. Ct. 519 (1931).

Additionally, at the hearing held on Plaintiffs' Motion, Defendant's counsel suggested that certain of the violative domain names and websites may be registered and/or operated by individuals other than the Defendant. In this event, it is likely that such individuals are also violating the terms of the Injunction Order as it expressly applies to "Defendant and his agents, servants and employees, and all those persons in active concert or participation with them." (*See* D.E. No. 98 and Fed.R.Civ.P. 65(d)(2)).

Accordingly, the Plaintiffs requested at the hearing that they be allowed to conduct limited discovery in order to determine the extent of Defendant's violation of the Injunction, including third party discovery to ascertain the identities of and/or the extent to which Defendant's agents, servants, employees, and those persons in active concert or participation with them have assisted Defendant in violating the Permanent Injunction.

The scope of discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Further, the Court's

authority to enforce its orders through the contempt process includes the authority to allow discovery of Defendant and those persons in active concert or participation with Defendant as it relates to continued violations of the Injunction Order.  *See Palmer v. Rice*, 231 F.R.D. 21 (D.D.C. 2005) (granting plaintiff's request to take discovery in aid of enforcement of 10-year old permanent injunction); *see also, E. & J. Gallo Winery v. Andina Licores  S.A.*, 2007 WL 333386 (E.D. Cal. 2007) (holding that court retained jurisdiction to implement and enforce permanent injunction, including by way of post-judgment discovery related thereto, and allowing plaintiff to conduct post-judgment discovery directed to compliance with and enforcement of permanent injunction).

The Magistrate Judge is of the opinion that ascertaining the identities of those persons acting on behalf of or in concert with the Defendant, as well as the extent to which those persons have assisted Defendant, will help with enforcement of the Court's Injunction Order.  Accordingly, the Magistrate Judge recommends a finding that limited discovery is appropriate and that Plaintiffs be permitted to take reasonable discovery of Defendant and/or third parties concerning the identity of those acting in concert with Defendant and the extent and methods by which Defendant and those acting in concert with him are continuing to violate the terms of the Injunction Order.

Finally, it is uncontested that since the entry of the Injunction Order the creation and use of domain names and websites that are violative of the Injunction has proliferated.  It is also not contested that such actions have been carried out by Defendant and/or individuals acting in concert with him.  These domain names and the websites found at such domain names have been as identified as follows:

www.creationseventhdayadventistchurch.ca
www.csdadventistchurch.co.cc
www.csdachurch.co.cc/
www.csdachurch.0adz.com
www.creationsdadventistrelief.to
www.csda-adventistchurch.to
www.creationsdadventistrelief.to
www.adventistry.org
www.creationseventhdayadventist.org.rw
www.creationsdarelief.0adz.com
www.seventhdayadventistsda-v-creation7thdayadventistcsda-uslawsuit.net
www.seventhdayadventism.org
www.7thdayadventism.org/
www.whypastorwaltermcgillisnotaffiliatedwithgcsdaadventistchurch.net
www.csdachurch.wordpress.com
www.csda-korea.org
www.creationseventhdayadventistreliefprojectsint.ltd.ug
www.seventhdayadventistchurchfoundwanting.us
www.home.comcast.net/~7thdayadventist
www.home.comcast.net/~csdachurch
www.home.comcast.net/~creationsda
www.home.comcast.net/~creation-adventist
www.binaryangel.net
www.thefourthangel.net
www.home.comcast.net/~creation-sabbath
www.home.comcast.net/~barbara_lim
www.home.comcast.net/~crmin

(*See* D.E. No. 105, Exhibit 1, 8/7/09 email from Galanter to Holliday)

Accordingly, in addition to the more general prohibitions contained in the Injunction Order, the Magistrate Judge recommends that the Court make a specific finding that these domain names and the websites found at the domain names are also violative of the Injunction Order and that all persons acting in concert with Defendant, including any website hosting companies and domain name registrars, are hereby enjoined from using or enabling the use of such domain names and websites.

### 3. Remedies Related to Defendant's Signage and other Promotional Material

It is also uncontested that Defendant has failed to either (i) deliver Defendant's Infringing Articles to Plaintiffs' attorney, or (ii) permanently dispose of Defendant's Infringing Articles himself, and certify in writing and under oath that he has personally complied with this order. Defendant has also failed to file a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of the Permanent Injunction. Accordingly, due to Defendant's failure to act and to take down and/or dispose of signage and other promotional materials that are violative of the injunction, Plaintiffs have requested that the United States Marshalls be ordered to remove the Infringing Articles. The Magistrate Judge is not convinced that involvement by the Marshalls is necessary here. A more appropriate solution is that such materials be removed by Plaintiffs or by Plaintiffs' designated agent, with Defendant paying cost of removal. Before the removal of these materials Defendant's counsel should notify Defendant and any building managers, property owners or landlords affected. Further, Defendant's counsel should accompany Plaintiffs or their agent when the Infringing Articles are removed.[1]

---

[1] This recommendation applies to signage and other promotional materials that contain words, phrases and or acronyms prohibited by the Injunction Order, and which are located at 1162 Old Highway 45 South, Guys, Tennessee, which is the location of Defendant's "Creation Seventh Day Adventist Church," and 1321 Hwy 72 East, Suite #6, which is the location of Defendant's "Help 4-U" office. At the November 5, 2009 Hearing, Plaintiffs' counsel presented to the Court photographs taken on November 4, 2009, depicting, in part, the violative signage at these locations.

Respectfully submitted on this 14th day of December, 2009.

**s/Edward G. Bryant**
EDWARD G. BRYANT
U.S. MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**