IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GENERAL CONFERENCE CORPORATION
OF SEVENTH-DAY ADVENTISTS, et al.,

    Plaintiffs,

v.                                                        No. 1:06-cv-01207-JDB-egb

WALTER MCGILL, d/b/a CREATION
SEVENTH DAY ADVENTIST CHURCH, et al.,

    Defendant.
_____

ORDER ADOPTING REPORT AND RECOMMENDATION ON
MOTION TO SHOW CAUSE AND MOTION FOR SANCTIONS
_____

       Before the Court is the Report and Recommendation of Magistrate Judge Edward G. Bryant on the motions of the Plaintiffs, General Conference Corporation of Seventh-Day Adventists and General Conference of Seventh-Day Adventists, an unincorporated association, for orders to show cause and for sanctions against Defendant, Walter McGill, and Lucan Chartier, a non-party who allegedly worked in concert with Defendant in causing violations of the Court's injunction. (Docket Entry ("D.E.") No. 136.)

       The matter presently before the Court is the latest in an ongoing dispute between the parties over the Defendant's infringement of the Plaintiff church's trademark. On May 28, 2009, the Court issued a permanent injunction prohibiting Defendant's use of the Plaintiffs' trademarked name. (D.E. No. 98.) That injunction states as follows:

> Defendant and his agents, servants and employees, and all those persons in active concert or participation with them, are forever enjoined from using the mark SEVENTH-DAY ADVENTIST, including the use of the words SEVENTH-DAY or ADVENTIST, or the acronym SDA, either together, apart, or as part of, or in combination with any other words, phrases, acronyms or designs, or any

>mark similar thereto or likely to cause confusion therewith, in the sale, offering for sale, distribution, promotion, provision or advertising of any products and services, and including on the Internet, in any domain name, key words, metatags, links, and any other use for the purpose of directing Internet traffic, at any locality in the United States.  Subject to the foregoing, Defendant may use these terms in a non-trademark sense, such as oral or written use of the marks to refer to the Plaintiffs, or oral or written use of certain terms in a non-trademark descriptive sense, such as "this Church honors the Sabbath on the 'seventh day,'" or "the members of this church believe in the 'advent' of Christ."
>
>As it pertains to all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the SEVENTH-DAY ADVENTIST mark, or bearing the words SEVENTH-DAY or ADVENTIST, or the acronym SDA, either together, apart, or as part of, or in combination with any other words, phrases, acronyms or designs, or any mark similar thereto or likely to cause confusion therewith, and all plates, molds, matrices, and other means of making the same (collectively, "Defendant's Infringing Articles"), Defendant shall either: (1) deliver Defendant's Infringing Articles to Plaintiffs' attorney within twenty (20) days after issuance of the Order, to be impounded or permanently disposed of by Plaintiffs; or (2) permanently dispose of Defendant's Infringing Articles himself within twenty (20) days of this Order, and also within twenty (20) days of this Order certify in writing and under oath that he has personally complied with this Order.
>
>Regardless of the manner of disposal of Defendant's Infringing Articles, Defendant shall file with the Clerk of this Court and serve on Plaintiffs, within twenty (20) days after issuance of this Order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the foregoing injunction.

(Id. at 12-13 n. 9.)  On January 6, 2010, the Court adopted a report and recommendation of the Magistrate Judge and held McGill in contempt for his willful failure to comply with the injunction by continuing to use domain names and websites, as well as signs and promotional materials that contain the enjoined names.  (D.E. No. 112.)  The Court's order permitted the Plaintiffs to remove any signs and promotional materials of the Defendant that violated the Court's injunction.  (Id.)  It also enjoined the Defendant and those acting in concert with him from continuing to use a list of domain names and websites.  (Id.)  The Court further directed the Defendant to fully cooperate with Plaintiffs' limited discovery into the identities of persons

acting in concert with the Defendant to violate the injunction. (Id.) Plaintiffs now allege that the Defendant has willfully refused to cease using their trademarked names and failed to comply with the Court's order permitting discovery.

On March 24, 2010, the Plaintiffs moved for the Court to set an evidentiary show cause hearing. (D.E. No. 116.) According to the Plaintiffs, their agents removed signs and other materials that violated the Court's injunction from locations in Guys, Tennessee, and Corinth, Mississippi. (Id. at 3.) However, Plaintiffs stated that Lucan Chartier and other individuals repainted and replaced the infringing signs shortly thereafter. (Id. at 3-4.) Plaintiffs further indicated that they subpoenaed Chartier to give deposition testimony as a part of their effort to learn the identity of individuals working as agents of Defendant McGill but that Chartier refused to appear. (Id. at 4-5.) They requested that the Court set an evidentiary hearing requiring four individuals, including Chartier, to appear and show cause why they should not be found in contempt and sanctioned. (Id. at 10.) Additionally, the Plaintiffs alleged that the Defendant had refused to appear for a deposition and respond to written discovery requests, which impeded their ability to learn the identities of individuals acting in concert with him. (D.E. No. 117.) For those actions, Plaintiffs moved for the Court to compel the Defendant to appear at a show cause hearing, find him in contempt, and issue sanctions. (Id.)

The Court referred both motions to Magistrate Judge Bryant. (D.E. No. 118.) As to Defendant McGill, the Magistrate Judge found that he had refused to agree to a date to be deposed and had not answered written discovery requests. (D.E. No. 136 at 3.) He therefore recommended that the Defendant be held in contempt and sanctioned pursuant to Federal Rule of

Civil Procedure 37(b)(2)[1] for failure to comply with the Court's order permitting the Plaintiffs' limited discovery. (Id.) Likewise, Magistrate Judge Bryant stated that Chartier willfully failed to comply with a valid subpoena requiring him to appear for a deposition scheduled for March 18, 2010, in Jackson, Tennessee. (Id. at 7.) For this act, he recommended that Chartier be held in contempt pursuant to Federal Rule of Civil Procedure 45(e).[2] (Id.)

The Magistrate Judge also held an evidentiary show cause hearing on May 25, 2010, in which three individuals who were believed to be participating with the Defendant in violating this Court's injunction appeared pursuant to subpoenas to testify. (Id. at 3-4.) Two of the individuals, Keith Ellsworth Johnson and Dorothy Johnson, indicated that they were not involved in replacing the church signs, and the Plaintiff released them from this cause of action. (Id. at 4.)

---

[1] Fed. R. Civ. P. 37(b)(2) provides in pertinent part:

Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions
  (b) Failure to Comply with a Court Order.
    . . . .
      (2) *Sanctions in the District Where the Action Is Pending.*
        (A) *For Not Obeying a Discovery Order.* If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
          . . . .
          (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
        . . . .
        (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

[2] Rule 45(e) provides that a court who issues a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)." Fed. R. Civ. P. 45(e). The subpoena issued by this Court lists Chartier's address at Rienzi, Mississippi, and the Magistrate Judge took judicial notice that the distance between Rienzi, Mississippi, and Jackson, Tennessee, is less than 100 miles. (D.E. No. 136 at 7.)

Conversely, Lucan Chartier testified that he was acting pastor of Defendant McGill's church, was routinely in contact with McGill through the internet, and lived rent-free in an upstairs apartment in the church. (Id.) Chartier further stated that he had consulted with the Defendant and thereafter repainted and replaced signs at the Defendant's church in Guys, Tennessee. (Id.) The Magistrate Judge found that Chartier had "readily accept[ed] responsibility for restoring the signs to the Defendant church property, which was a willful act in violation of the Court Order," and recommended that he be held in contempt for those actions. (Id. at 6.) Furthermore, Magistrate Judge Bryant recommended that Defendant McGill also be held in contempt for restoration of the infringing signs. (Id.) He discovered that McGill was reportedly doing mission work on the continent of Africa but still communicating via email with his associates and acting in concert with those individuals to willfully violate the Court's orders. (Id. at 3.) Judge Bryant concluded that Chartier acted as a result of communications with McGill and that "Mr. McGill was directly instrumental in these violations by Mr. Chartier by wrongfully influencing, encouraging and allowing him to commit these acts, which Mr. McGill knew would be in violation of the Court's Order." (Id. at 6.)

Additionally, the report and recommendation found that Chartier should be held in contempt for willfully violating the Court's injunction through use of the internet:

> During his testimony at the hearing, Mr. Chartier also said he would continue use of internet sites. The evidence before this Court is that he hosted and maintained at least one website (loudcry.eu) which contains content in violation of the Injunction. He also testified that "every few months" he contributed to the Wikipedia website pertaining to Defendant church. Evidence introduced by the Plaintiff of that Wikipedia site more closely linked Mr. Chartier, through both his name and user name "Qinael" to the site and his active role in updating the [sic] for Defendant church. Included in this Wikipedia site is Mr. Chartier's personal profile, his version of the history of the Defendant church and a revision "Qinael" made as recently as March 18, 2010 where he discusses the March 8, 2010

5

> repainting of church signs violation of the ORDER. Mr. Chartier testified he was "Qinael" and responsible for all the postings. He also stated he had posted on several other websites over the "last couple of days." By his own words, these actions willfully violated both the District Court's Injunction and Order, and it is recommended that he be found in contempt of Court and sanctioned.

(Id. at 7.)

According to the Court's docket, no objections to the Magistrate Judge's June 2010 report and recommendation have been submitted pursuant to 28 U.S.C. § 636(b)(1). The Court has reviewed the Magistrate Judge's report and recommendation, and the entire record of the proceeding before him. No objections having been filed, the Court ADOPTS the Magistrate Judge's report and recommendation. The Court holds Defendant McGill in contempt as follows: (1) pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to make himself available for a deposition and to answer written discovery, which violated the Court's January 6, 2010 order allowing Plaintiffs to conduct limited discovery into the identities of individuals acting in concert with the Defendant to violate the Court's injunction; and (2) for wrongfully influencing, encouraging and allowing Chartier to restore signs at Defendant's church that violated the permanent injunction. Chartier is held in contempt for the following action: (1) pursuant to Federal Rule of Civil Procedure 45(e) for failing to appear and give deposition testimony on March 18, 2010, as required by Plaintiffs' subpoena; (2) willfully violating the Court's injunction and orders by restoring signs at the Defendant's church in Guys, Tennessee; and (3) hosting a website and contributing information to a Wikipedia article in willful violation of the Court's injunction and orders.

The Court will appropriately sanction McGill and Chartier for these contemptible actions. For the failure of McGill and Chartier to comply with the Court's order permitting limited

6

discovery, the Court awards Plaintiffs' reasonable costs, including attorneys' fees, associated with filing the motions for an order setting an evidentiary show cause hearing and motion for sanctions. (D.E. Nos. 116, 117.) The Court also awards reasonable costs and attorneys' fees associated with attending and subpoenaing witness to attend the May 25, 2010 evidentiary hearing before Magistrate Judge Bryant. The Plaintiffs are directed to submit to the Court, within fourteen (14) days from the entry of this Order, proof of the costs and fees they have incurred.

However, the Court will reserve until a later date its decision as to the appropriate sanctions for McGill and Chartier's contempt by using signs and the internet to violate the injunction. On October 20, 2010, the Plaintiffs noticed the Court that Chartier had again repainted and replaced church signs in violation of the injunction and moved for an order setting an evidentiary show cause hearing. (D.E. No. 148.) After an additional hearing on the matter, the Magistrate Judge issued a report and recommendation on December 23, 2010, which again recommended that this Court find McGill and Chartier in contempt for replacing signs at Defendant's church and hosting internet sites that bear the Plaintiffs' trademarked names. (D.E. No. 160.) This report and recommendation suggested that the Court impose significant sanctions against McGill and Chartier, including arresting and ordering them to serve a 30-day period in the custody of the United States Marshal Service. (Id. at 5.) Both McGill and Chartier lodged objections to the December 2010 report and recommendation, and the Plaintiffs recently responded. After the Court has fully evaluated the positions of the parties as to the additional violations, the Court will determine whether McGill and Chartier should be sanctioned for their actions, and, if so, what sanctions are appropriate.

    IT IS SO ORDERED this 8th day of March, 2011.


                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE