IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GENERAL CONFERENCE CORPORATION OF SEVENTH-DAY ADVENTISTS and GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, <br><br> Plaintiffs, <br> v. <br><br> WALTER MCGILL d/b/a CREATION SEVENTH DAY ADVENTIST CHURCH *et al.*, <br><br> Defendant. | Case No.: 1:06-cv-01207 <br><br> **RECEIVED** <br><br> AUG 6 2015 <br><br> CLERK, U.S. DIST. COURT <br> WESTERN DIST. OF TENN. |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFF'S MOTION TO ADD FURTHER SPECIFICS TO THE COURT'S PERMANENT INJUNCTION**

Walter O. McGill III, acting as a *pro se* defendant, respectfully moves the court for an extension of time to file a response to the Plaintiff's motion to add further specifics to the court's injunction, dated July 23, 2015, pursuant to Fed. R. Civ. P. 6(B). The requested extension is of one-hundred and six (106) days from the expiration of the default period of fourteen (14) days, allowing a total of one-hundred and twenty (120) days from date of filing of Plaintiff's Motion, to and including November 20, 2015, in which to file a reply.

Good cause exists for the requested extension. While Plaintiffs have indicated they will not agree to an extension beyond sixty (60) days, Plaintiff's motion, which was prepared over a period of five and a half years since the initial injunction, proposes several new broad reaching terms and concepts. Several of the phrases the Plaintiffs request to be added to the injunction require research into new fields of law; for example, free speech and the applicability of trademark law to content in communication mediums such as tweets, social media, and others. While an extension of sixty (60) days may be sufficient for a lawyer, as a 69-year-old man with no formal legal background, this would present an unreasonable burden given the relevant factors.

1

While the amount of research required, coupled with my advanced age and status as a *pro se* defendant, should be sufficient to show good cause for granting the motion, Plaintiff's motion also requests no less than 32 URLs to be added to the prohibited list. Plaintiffs have, in prior motions, requested the seizure of domain names and websites that were not in violation of the injunction. As my failure to object has lead to the adoption of such motions in the past, and subsequent loss of non-infringing websites, it is necessary to individually verify each URL provided in the Plaintiff's motion, consider whether it is infringing in nature, and provide objections where warranted.

Further, the sheer scope of the Plaintiff's proposed additions to the injunction requires serious consideration on my part as to whether to seek the representation of counsel for my objection. Scheduling consultations with prospective counsel, in addition to researching the aforementioned issues in the event that adequate counsel cannot be retained, will require considerably more time than the sixty (60) days offered by the Plaintiff, and would simply be impossible within the default period of fourteen (14) days.

Finally, on a most personal note, my father-in-law, who I have been providing care for in recent weeks, has passed away as of July 30. Given the necessity for a grieving period and of seeing to his affairs, in addition to all previously stated reasons, and as I have not sought to burden the court with extensions in the past, I respectfully request that this motion be granted, and I be allowed til and including November 20, 2015 to file my responsive brief.

Respectfully submitted,

Walter O. McGill III
PO Box 424
Idyllwild, CA 92549
800-754-8021

*Filing pro se*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 5h day of August, 2015, a copy of the foregoing document was served via USPS Priority Express to the following:

Phil Kirkpatrick
424 Church Street, Suite 2700
Nashville, Tennessee 37219

                                                   Walter O. McGill III

## CERTIFICATE OF COUNSEL

I hereby certify that, pursuant to LR7.2(a)(1)(B), I have consulted with the Plaintiff's counsel regarding this motion, and an accord could not be reached. Consultation took place via email, and concluded on August 3, 2015. Participating parties were as follows:

Phil Kirkpatrick
phil.kirkpatrick@arlaw.com
424 Church Street, Suite 2700
Nashville, Tennessee 37219

Walter O. McGill III
PO Box 424
Idyllwild, CA 92549
sda_trademark_lawsuit@yahoo.com

_____
Walter O. McGill III