IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GENERAL CONFERENCE CORPORATION
OF SEVENTH-DAY ADVENTISTS, *et al.*,

    Plaintiffs,

v.                                                                                            No. 06-1207

WALTER MCGILL d/b/a CREATION
SEVENTH DAY ADVENTIST CHURCH,
*et al.*,

    Defendant.

---

ORDER DENYING PLAINTIFFS'
OBJECTIONS TO THE MAGISTRATE
JUDGE'S ORDER

---

On May 28, 2009, the Court granted the request of Plaintiffs, General Conference Corporation of Seventh-Day Adventists, *et al.*, for permanent injunctive relief against Defendant, Walter McGill, and further defined the injunction on January 6, 2010. (Docket Entry ("D.E.") 98, 112.)[1] On July 23, 2015, Plaintiffs moved to add additional specifics to the permanent injunction. (D.E. 195.) The Court referred the motion to Magistrate Judge Edward Bryant for a report and recommendation and/or determination. On November 5, 2015, following a status conference with Judge Bryant, Plaintiffs moved for permission to depose McGill and to thereafter have three weeks to file a reply to Defendant's objection to the motion to alter the injunction. (D.E. 211.) Judge Bryant granted the motion, and Plaintiffs deposed McGill on November 12, 2015. (D.E. 212, 218 at 2.) On November 30, 2015, Plaintiffs moved to compel

---

[1]The Court notes that the Injunction Order was entered without any response by Defendant to Plaintiffs' motion for such relief, nor did McGill appear at the hearing. (*See* D.E. 216 at 1.)

1

the production of certain documents requested in the deposition and to request an extension of time to file the reply brief. (D.E. 214.) The motion was also referred for determination to Judge Bryant. (D.E. 215.) On February 29, 2016, Judge Bryant denied both the motion to add further specifics to the injunction and the motion to compel. (D.E. 216.) On February 29, 2016, Plaintiffs once again moved to request leave to file a reply in further support of its motion to add further specifics to the injunction. (D.E. 217.) On March 2, 2016, Plaintiffs lodged objections to the Magistrate Judge's denial of its motion to add further specifics and the motion to compel. (D.E. 218.) For the following reasons, Plaintiffs' objections to Judge Bryant's order are OVERRULED, and the motion for leave to file a reply is DENIED.

*Law*

Twenty-eight U.S.C. § 636(b)(1)(A) permits a district judge, subject to certain exceptions not relevant here, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." Furthermore, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Upon a timely objection to a magistrate judge's order, the district judge is instructed to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while his legal conclusions [are] reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)). A legal conclusion is contrary to law when it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Steede v. Gen. Motors, L.L.C.*, No. 11-2351-STA-dkv,

2012 WL 2089755, at *2 (W.D. Tenn. June 8, 2012) (quoting *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002)); *see also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

*Analysis*

1. Motion to Add Further Specifics

It is well-established that courts "[hold] the power to modify injunctions, whether to narrow or broaden them. Injunctions frequently demand 'continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief.'" *LFP IP, LLC v. Hustler Cincinnati, Inc.*, 810 F.3d 424, 426 (6th Cir. 2016) (quoting *Sys. Fed'n No. 91, Ry. Employees' Dep't v. Wright*, 364 U.S. 642, 647 (1961)). Accordingly, courts may exercise their "sound judicial discretion" to modify an injunction "if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *Id.* The operative question for the Court to answer is whether the purpose of the injunction has been fulfilled. *See Roman v. Korson*, 89 F. Supp. 2d 899, 905-06 (W.D. Mich. 2000). *Id.* However, parties may not abuse this by attempting to "duel and re-duel over the merits of the original injunction." *LFP IP, LLC*, 810 F.3d at 426.

Here, Plaintiffs assert that "[a]s a result of developments, advancements, and changes in technology and internet-based communication, for effective enforcement," they now have need of adding approximately ten lines of text to the already broad injunction, as well as adding a significant number of websites to the list of those that, per the injunction, Defendant is already

3

"enjoined from using, enabling, or facilitating the use of such." (D.E. 195 at 3-4.) In his order, Judge Bryant held that

> Plaintiffs have failed to show a change in conditions in technology since 2009, and the Court does not find that modifying this permanent injunction is appropriate. Notably, Defendant McGill objects to this Motion and points out that Plaintiff has not shown changed conditions, other than generalized statements. Indeed, it appears to the Court that what Plaintiffs are in essence seeking is a whole separate lawsuit than what was before this Court.

(D.E. 216 at 2.)

In their objection, Plaintiffs aver that because Judge Bryant ruled without allowing them to file a reply, the order was clearly erroneous and contrary to law. (D.E. 218 at 8.) The Magistrate Judge initially granted leave for Plaintiffs to file a reply, although as per local rule, they were required to request leave from the Court to do so. (D.E. 212; *see* Local Rule 7.2(c).) Plaintiffs failed to file their reply brief within the initial time granted, and rather than approve their second request for leave to file, Judge Bryant ruled on the underlying motion. While Plaintiffs assert that the ruling was *per se* contrary to law because he ruled without their reply, they cite to no legal authority supporting such position. Accordingly, this basis for Plaintiff's objection is OVERRULED.[2]

Further, Plaintiffs contend Judge Bryant's order was clearly erroneous or contrary to law because McGill admitted in his deposition that there were websites and/or domain names being operated by his wife and/or Dr. David Augilar,[3] and Plaintiffs argue these sites should be added to the list in the injunction. (D.E. 218 at 9.) As the Magistrate Judge highlights, while Plaintiffs maintain "developments, advancements, and changes in technology" require the modification of

---

[2] Plaintiffs take issue with Judge Bryant's characterization of their motion to add further specifics as "seeking . . . a whole separate lawsuit than what was before the Court." (D.E. 218 at 8.) Although they object to this language, they provide no legal basis as to how this is clearly erroneous or contrary to law.

[3] Dr. Augilar filed an objection to Plaintiffs' motion to add further specifics as the motion targeted multiple websites he operated.

4

the injunction, they fail to point to any concrete evidence underlying these assertions. Additionally, Plaintiffs do not provide any basis to the Court as to why activities allegedly conducted by Defendant's wife or Mr. Augilar would not be covered under the original broad language of the injunction. (*See* D.E. 98 at 12 ("Defendant and his agents, servants, and employees, and *all those persons in active concert or participation with them*, are forever enjoined . . . .").) Accordingly, Plaintiffs' objections to Judge Bryant's order denying the motion to add further specifics to the injunction are OVERRULED.

## 2. Motion to Compel

Plaintiffs additionally object to Judge Bryant's denial of their motion to compel Defendant to produce certain documents to which McGill referred during his deposition. (D.E. 218 at 5-7.) They insist that the requested information is relevant to the information they desired to include in their reply. As such, Plaintiffs aver the documents should have become part of the deposition, but the Magistrate Judge's denial of the motion prevented this and, thus, constitutes a ruling clearly erroneous or contrary to law. (*Id.*)

Judge Bryant, in denying the motion, held that the information sought in the motion to compel demonstrates that "Plaintiffs continue to widen the dispute, beyond the parameters of the original lawsuit." (D.E. 216 at 3.) This Court finds the Magistrate Judge's reasoning sound. Indeed, Plaintiffs assert that the additional information they seek includes individuals who "have claimed that the Permanent Injunction does not expressly include them by name or a specific domain name." (D.E. 218 at 6.) If agents or associates, in active participation with Defendant, are in violation of the injunction, the appropriate method of bringing that issue before the Court would be to file a motion for contempt. *See Innovation Ventures, LLC v. N2G Distrib., Inc.*, No. 08-CV-10983, 2013 WL 2145677, at *2 (E.D. Mich. May 15, 2013), *aff'd*, 763 F.3d 524 (6th

Cir. 2014) (plaintiff filed a motion for contempt after discovering the defendants violated the existing injunction); *see also Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Electric Serv. Co.*, 340 F.3d 373, 379 (6th Cir.2003) ("In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.").

Further, although Plaintiffs clearly oppose Judge Bryant's ruling, they once again provide no legal authority in support of their assertion his ruling was clearly erroneous. Accordingly, Plaintiffs' objections are OVERRULED.

### 3. Motion for Extension of Time to File Reply

As discussed *supra*, Plaintiffs were not entitled to file a reply to their motion to add further specifics under the Local Rules. *See* Local Rule 7.2(c). Judge Bryant initially granted them three weeks to file one. (D.E. 212.) However, after Plaintiffs did not submit a timely reply, they requested an extension of time. (D.E. 213.) Judge Bryant denied the extension along with denying the underlying motion to add further specifics. (D.E. 216.) Along with filing their objections, Plaintiffs submitted another motion for leave to file a reply in support of their motion to add further specifics. (D.E. 217.) In their objections, Plaintiffs assert the denial was clearly erroneous because they had originally been granted permission to file one. (D.E. 218 at 7.) However, they fail to provide any legal authority to the Court for this position. They cite to no case law that provides entitlement to an extension of time after being granted leave to file a reply. Indeed, although the information gleaned during McGill's deposition may bolster their arguments, this does not save them from the fact that the underlying memorandum in support of

their motion to add further specifics failed to provide any tangible basis for their position. Accordingly, this objection is also OVERRULED.

*Conclusion*

In light of the foregoing reasons, Plaintiffs' objections to the Magistrate Judge's order (D.E. 218) are OVERRULED, and the motion for leave to file a reply (D.E. 217) is DENIED.

IT IS SO ORDERED this 19th day of May 2016.

    s/ J. DANIEL BREEN
    CHIEF UNITED STATES DISTRICT JUDGE